IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00423

GARY WAETZIG,

    Plaintiff,

v.

HALLIBURTON ENERGY SERVICES, INC.,

    Defendant.

---

**PLAINTIFF'S MOTION TO REOPEN AND VACATE ARBITRATION AWARD GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

Plaintiff Gary Waetzig, by and through his attorney Spencer J. Kontnik of KONTNIK COHEN, LLC, hereby submits this *Motion to Reopen and Vacate Arbitration Award Granting Defendant's Motion for Summary Judgment*.

## I.    INTRODUCTION

This is a complex age discrimination case with numerous issues of contested fact, yet JAMS Arbitrator Florine L. Clark (the "Arbitrator") granted Defendant's Motion for Summary Judgment and provided zero explanation.[1] The parties specifically contracted for an explained award in the arbitration agreement (the "Agreement") and the Arbitrator agreed to issue an explained award.

---

[1] The undersigned arbitrator has reviewed the pleadings and exhibits in this matter. A hearing was held on June 2, 2021, for the purpose of hearing oral arguments. After review and hearing such arguments, Respondent's Motion for Summary Judgment is GRANTED. [Award, Ex. 1 (the "Award")].

Since the Arbitrator failed to adhere to the clear and unambiguous terms of the parties' Agreement, the Award is void. Furthermore, since the Arbitrator will be required to re-engage in substantive legal analysis, she cannot revisit the Award under doctrine of *functus officio*. *See Kennecott Utah Copper Corp. v. Becker*, 186 F.3d 1261, 1270 (10th Cir. 1999) (once an arbitrator renders a decision, the arbitrator lacks any power to reexamine that decision unless an exception applies).

## II. CONFERRAL

On June 17, 2021, undersigned counsel conferred with Defendant's counsel regarding Plaintiff's intent to appeal the Award. Attempting to conserve judicial resources, undersigned counsel specifically conferred with Defendant's counsel regarding JAMS voluntary appellate procedures. Defendant refused to agree to JAMS voluntary appellate procedures and stated that it opposes the relief sought herein.

## III. JURISDICTION

The Award was rendered under the Federal Arbitration Act ("FAA"). 9 U.S.C. §§ 1, *et seq*.; [*see also* JAMS Rules at 10, § 25, Ex. 2]. Good cause exists to reopen this case because the Award was finalized[2] on June 16, 2021, and Plaintiff seeks vacate the Award under Section 10 of the FAA, which allows a party to appeal an arbitration award within three (3) months of the issuance of the award. 9 U.S.C. § 10.

## IV. FACTUAL SUMMARY AND BACKGROUND

The Arbitrator's Scheduling Order incorporates the parties' Agreement and the JAMS Comprehensive Employment Rules (the "JAMS Rules"). [05.04.20 Order at 2, § 5, Ex. 3]. The

---

[2] Under JAMS Rule 24(k), the Award is finalized fourteen (14) days after service. [JAMS Rules at 10, § 24(h - k), Ex. 2]. Since the Award was issued on June 2, 2021, it was deemed final for the purpose of an appeal on June 16, 2021.

2

Scheduling Order also specifically addresses the "award" and states that the "[a]ward[] *shall* be prepared in accordance with the [Agreement], the FAA and the [JAMS Rules] …" [05.04.20 Order at 5, § 9(g) (emphasis added)].[3]

### *The Arbitration Agreement*

In 2015, in exchange for waiving his right to a jury trial, Plaintiff agreed to resolve any future employment disputes with Defendant pursuant to the terms of the Agreement. [Agreement, Ex. 6]. The stated purpose of the Agreement is to "create an exclusive procedural mechanism for the final resolution of all Disputes falling within its terms." [Agreement at 1, § 1]. With respect to a final award, the Agreement states:

> The award shall be in writing and shall be signed by the arbitrator. The Arbitrator ***shall write a brief statement of the essential findings of fact and conclusions of law on which the award is based***. The award shall be executed in any manner required by applicable law.

[Agreement at 17, § 26 (emphasis added)].

The Agreement also states, "[u]nelss otherwise agreed by the parties or ordered by the arbitrator, a record of the hearing on the merits of a Dispute *shall* be prepared at the expense of the Company…." [Agreement at 14, § 15 (emphasis added)]. Finally, the Agreement requires that "[n]otice of any hearing *shall* be given at least ten (10) calendar day in advance, unless the arbitrator determines or the Parties agree that a shorter time is necessary." [Agreement at 12, § 7(B) (emphasis added)].

### *JAMS Rules*

Rule 24(h) of the JAMS Rules provides that an arbitration award:

> shall consist of a written statement signed by the Arbitrator regarding the disposition of each claim and the relief, if any as to each claim. Unless all Parties

---

[3] The Scheduling Order was subsequently amended on July 31, 2020, and again on February 26, 2021, but Sections 5 and 9(g) remained the same with respect to the requirements regarding the form of the award. [07.31.20 Order, Ex. 4; 02.26.21 Scheduling Order, Ex. 5].

agree otherwise, the Award *shall also contain a concise written statement of the reasons for the Award*.

[JAMS Rules at 10, § 24(h), Ex. 2 (emphasis added)].

### *JAMS Minimum Standards*

The Agreement also adopts JAMS policies and rules with respect to employment arbitrations. [*See* Agreement at 10, § 2(C), at 20, § 32, Ex. 6]. Notably, JAMS requires that all arbitration agreements comply with its Minimum Standards, and JAMS will not accept an arbitration matter if the arbitration agreement in question does not comply with its minimum standards. [Min. Standards at 2, § B, Ex. 7]. JAMS ensures that all staff who work on employment-related disputes are aware of the Minimum Standards and utilizes "[i]nternal controls [] to ensure compliance by the staff…" [Min. Standards at 5]. With respect to a final award, the Minimum Standards state:

> An arbitration award will consist of a written statement signed by the Arbitrator regarding the disposition of each claim and the relief, if any, awarded as to each claim. The Arbitrator *will also provide a concise written statement of the reasons for the Award, stating the essential findings and conclusions on which the award is based*.

[Min. Standards at 4, § B(8) (emphasis added)].

### *The Award*

On March 21, 2021, Defendant filed a Motion for Summary Judgment (the "MSJ"), which contained numerous misleading and inaccurate statements of fact and legal conclusions. [MSJ, Ex. 8]. On May 4, 2021, Plaintiff filed its Response to the MSJ ("Response") and included a separate Exhibit 1 responding to every purported "undisputed fact" presented by Defendant. [Response, Ex. 9; Response Ex. 1, Ex. 10]. On May 11, 2021, Defendant filed its Reply to the MSJ ("Reply"). [Reply, Ex. 11]. The Response, Exhibit 1 attached to the Response, and the corresponding documentation produced therewith, clearly demonstrates that there are numerous

4

issues of contested fact which preclude summary judgment. [Response, Ex. 9; Response Ex. 1, Ex. 10].

On May 28, 2021, exactly one month before the scheduled trial date, the Arbitrator requested a telephone conference call but did not inform the parties of the subject matter for the call. [Request for PC, Ex. 12]. A telephone conference was then scheduled to commence on June 2, 2021, at 8:00 am. [Request for PC, Ex. 12].

On June 2, 2021, at the beginning of the conference call, the Arbitrator stated that she wished to conduct an oral hearing on the MSJ and asked the parties to present oral arguments. [Kontnik Affidavit, Ex. 13]. Not only did the Arbitrator fail to provide any notice of the subject matter of the hearing, but there is also no recording of the hearing in violation of the Agreement. [Kontnik Affidavit, Ex. 13; Agreement at 14, § 15, Ex. 6]. The Arbitrator did not make any factual findings, legal findings, or provide any analysis during the hearing. [Kontnik Affidavit, Ex. 13]. A few hours after the hearing, The Arbitrator issued the Award granting Defendant's MSJ, stating:

> The undersigned arbitrator has reviewed the pleadings and exhibits in this matter. A hearing was held on June 2, 2021, for the purpose of hearing oral arguments. After review and hearing such arguments, Respondent's Motion for Summary Judgment is GRANTED.

[Award, Ex. 1].

## V.   ARGUMENT

Section 10(a)(4) of the FAA states that an arbitration award may be vacated when "arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). Section 10(a)(3) also states that an award may be vacated when the "arbitrators were guilty … of any other misbehavior by which the rights of any party have been

5

prejudiced." 9 U.S.C. § 10(a)(3). Tenth Circuit precedent also requires vacatur when the arbitrator shows a manifest disregard for the law. *Bowen v. Amoco Pipeline Co.*, 254 F.3d 925, 932 (10th Cir. 2001).

As demonstrated herein, the Arbitrator violated the express terms of the Agreement, the JAMS Rules, the JAMS Minimum Standards, and the Scheduling Order. Thus, under well-established Tenth Circuit precedent, the Award is unenforceable, and the Arbitrator lacks power to reexamine her decision under the doctrine of *functus officio*.

### A. The Award Must be Vacated because Arbitrator Clark Exceeded her Powers, Prejudiced Plaintiff, and Manifestly Disregarded the Agreement.

"Courts must rigorously enforce arbitration agreements according to their terms, including terms that specify … the rules under which the arbitration will be conducted." *Am. Express Co. v. Italian Colors Restaurant*, 570 U.S. 228, 233 (2013).[4] An arbitration award cannot be upheld if it is contrary to the express language of the contract. *Barnard v. Commercial Carriers, Inc.*, 863 F.2d 694, 697 (10th Cir. 1988). The Tenth Circuit has explicitly acknowledged that parties to arbitration proceedings may "contract[] for a fully explained award" to avoid the "supposedly random chance that the arbitration panel would not show its work." *Mid Atlantic Capital Corporation v. Bien*, 956 F.3d 1182, 1196 (10th Cir. 2020) (citing *Am. Express*, 570 U.S. at 233). The District Court of Colorado has also acknowledged that an arbitrator's failure to abide by procedural rules when arriving at the award may support a challenge under the theory of "manifest disregard of the law." *Hosier v. Citigroup Global*

---

[4] The FAA's "principal purpose … is to ensure that private arbitration agreements are enforced according to their terms." *Mid Atlantic Capital Corporation v. Bien*, 956 F.3d 1182, 1193 (10th Cir. 2020) (citing *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011)). Although review of arbitration awards is among the narrowest known to the law, the Courts have universally acknowledged that the parties to a contract may specify the rules for arbitration. *Am. Express Co.*, 570 U.S. at 233.

6

*Markets, Inc.*, 835 F.Supp.2d 1098, 1105-06 (D. Colo. 2011). In *Hosier*, the court held that the arbitration agreement did not require a reasoned opinion but emphasized in its holding that the arbitration agreement at issue only stated what the arbitrator ***should*** do as opposed to what the arbitrator ***shall*** do. *Id*.

*The Award Contradicts the Express terms of the Parties' Agreement*

In this case, the Agreement, the JAMS Rules, and the Scheduling Order use the word "shall" thereby requiring the arbitrator to provide a "brief statement of the findings of fact and conclusions of law," and a "concise written statement of the reasons for the award." [Agreement at 17, § 26, Ex. 6; JAMS Rules at 10, § 24(h), Ex. 2; Scheduling Order, §§ 5, 9(g), Ex. 3]. The Minimum Standards also require the arbitrator to provide a reasoned award. [Min. Standards at 4, Ex. 7]. The is no reasonable dispute that the Award violates the express terms of the Agreement, the JAMS Rules, the Minimum Standards, and the Scheduling Order. [Award, Ex. 1]. As such, the Award is unenforceable and must be vacated under Tenth Circuit precedent. *Barnard*, 863 F.2d at 697.

Notably, the Arbitrator ignored two other important provisions in the Agreement that render the Award void. First, the Agreement requires the arbitrator give at least ten (10) calendar days' notice in advance of any hearing.[5] [Agreement at 12, § 7(B), Ex. 6]. On Friday May 28, 2021, three (3) calendar days[6] before the hearing, the Arbitrator requested a telephone conference. [Request for PC, Ex. 12]. The request did not indicate that the Arbitrator intended to conduct a hearing on the merits of the case. [Request for PC, Ex. 12]. In fact, the parties were not

---

[5] The notice provision ensures that parties are given a fair and equal opportunity to prepare legal arguments, present witnesses testimony, and present documentary evidence.

[6] Monday May 31, 2021 was a federal holiday.

aware of the purpose of the hearing until after the June 2, 2021 telephone conference began. [Kontnik Affidavit, Ex. 13]. Second, the Agreement also requires "a record of the hearing[7] on the merits of a Dispute." [Agreement at 14, § 15, Ex. 6]. The Arbitrator did not record the hearing or provide sufficient notice to allow the parties to record the hearing. [Kontnik Affidavit, Ex. 13]. Thus, to give full effect to the parties' Agreement, the Arbitrator must reset the hearing on the MSJ, which will ensure Plaintiff is given proper notice and the hearing is recorded.[8]

### B.  Arbitrator Clark's Powers are Exhausted *Functus Officio*.

The Arbitrator's failure to adhere to the parties' Agreement implicates the *functus officio* doctrine, which holds that once an arbitrator renders a decision, the arbitrator lacks any power to reexamine that decision. *Kennecott Utah Copper Corp.*, 186 F.3d at 1270 (10th Cir. 1999). There are three recognized exceptions to the *functus officio* doctrine: "[1] to correct mistakes, [2] complete awards which were not final, and [3] clarify ambiguities." *Id.* at 1271. The Tenth Circuit has not provided a detailed explanation of each of the foregoing exceptions, but other circuits have.

The exception under the first category of "mistake" is "for cases of clerical mistakes or obvious errors of arithmetic computation." *Teamsters Local 312 v. Matlack, Inc.*, 118 F.3d 985, 992 (1997). The exception under the second category regarding the "finality of an award" is premised on the notion that the "agreement between the parties is still in force and the

---

[7] Requiring a record of the hearing allows the parties to ensure that arbitration award draws its essence from the parties' agreements and is not merely the arbitrator's own brand of industrial justice. *United Steelworkers of A. v. Enterprise W. & C. Corp.,* 363 U.S. 593, 597 (1960).

[8] *Kennecott Utah Copper Corp.*, 186 F.3d at 1270 (10th Cir. 1999) (citing *Teamsters Local 312 v. Matlack, Inc.*, 118 F.3d 985, 995 (3rd Cir. 1997) ("it is axiomatic that a district court may vacate an award if a party to an arbitration proceeding has not been given notice and opportunity to present arguments and evidence.")).

8

arbitrator's power over the … unresolved submission continues." *Id*. Neither of the first two categories apply in this case: the Award does not contain any clerical mistakes or math errors, and the Award does not fail to finally adjudicate an issue that was submitted to arbitration. *Kennecott*, 186 F.3d at 1271; *Teamsters Local 312*, 118 F.3d at 992.

*The Award is Not Ambiguous*

The third exception is designed to allow an arbitrator to "clarify an ambiguity in a 'seemingly complete' award." *Kennecott*, 186 F.3d at 1271; *Teamsters Local 312*, 118 F.3d at 992. The rationale behind the third exception is that resubmission to the arbitrator would not undermine the policy considerations that prohibit arbitrators from re-examining awards because there is "no opportunity for redetermination on the merits of what has already been decided." *Id.* (citing *La Vale Plaza, Inc. v. R. S. Noonan, Inc.*, 378 F.2d 569, 573 (3rd Cir. 1967)).

Here, however, the Award is not ambiguous, and it is not "seemingly" complete. [Award, Ex. 1]. To the contrary, it is incomplete: the Arbitrator neglected to provide any factual findings, make any legal conclusions, or provide any reasoning explaining the basis of her award. [Award, Ex. 1]. Thus, the third exception does not apply and there is no legal basis to submit the award to the Arbitrator to "clarify an ambiguity" or finalize a "seemingly complete" award. *Teamsters Local 312*, 118 F.3d at 992. As discussed below, there are several other factors that also implicate the doctrine of *functus officio* in this case.

(1)   Arbitrator Clark Must Conduct Additional Proceedings

As explained above, the Agreement requires the Arbitrator to provide 10-days' Notice before conducting a hearing on the merits. [Agreement at 12, § 7(B), Ex. 6]. Since it is "axiomatic that a district court may vacate an award if a party to an arbitration proceeding has not been given notice and opportunity to present arguments and evidence," the Arbitrator will

9

have to reset the MSJ hearing, which will force her to reexamine the Award thereby implicating the doctrine of *functus officio*. *Teamsters Local 312*, 118 F.3d at 995.

    (2)  <u>Arbitrator Clark Must Make New Findings of Fact and Conclusions of Law</u>

    Defendant will likely argue that it is permissible to remand this case to the Arbitrator because she will simply be completing a task by clarifying her Award under the third exception. *Kennecott*, 186 F.3d at 1271. This is simply not the case. After exhaustive research, Plaintiff was able to identify one case only where the arbitrator failed to make a single finding of fact or conclusion of law at the summary judgment stage. *See Neary v. Prudential Ins. Co. of Am.*, 63 F. Supp.2d 208 (D. Conn. 1999).

    In *Neary*, an arbitration panel granted summary judgment for an employer but declined to provide any explanation as to the basis for its award. *Neary*, 63 F. Supp. 2d at 210-11. The Court in *Neary* decided to undertake an extensive review of the record and vacated the arbitrator's award at summary judgment: "[the] facts presented by the [plaintiff] undeniably raise a genuine issue of material fact in regard to [Defendant's] motivation for terminating [plaintiff]… On a motion for summary judgment, that is all the law requires." *Neary*, 63 F. Supp. 2d at 210. In reaching its holding, the court noted that "[t]he failure of the arbitration panel to explain its decision in this case also buttresses this Court's determination." *Neary*, 63 F. Supp. 2d at 210-11. Critically, one difference between this case and *Neary*, which makes this case more egregious, is that the Agreement in this case specifically required the Arbitrator to issue an explained award. [Agreement at 17, § 26, Ex. 6].

    Notably, the Arbitrator issued the Award at the summary judgment stage despite voluminous briefings along with exhibits that were submitted on the issue. [MSJ, Ex. 8; Response, Ex. 9; Response Ex. 1, Ex. 10; Reply, Ex. 11]. Because the Arbitrator did not make a

10

single finding of fact, upon remand, she will be required to comb through Defendant's MSJ, Plaintiff's Response, the Reply, and the accompanying exhibits, to make findings of fact. Furthermore, because she did not make a single conclusion of law, upon remand, the Arbitrator will also be required to review the foregoing pleadings and/or conduct her own research to determine the controlling law. The process of reviewing the foregoing pleadings and evidence to determine the undisputed facts and controlling law implicates the doctrine of *functus officio*.

      (3)    <u>Arbitrator Clark Must Explain her Reasoning and Record the MSJ Hearing</u>

Even though arbitration awards are subject to limited review, the parties can contract to ensure that the arbitrator does not simply administer her own "brand of industrial justice." *United Steelworkers of A. v. Enterprise W. & C. Corp.,* 363 U.S. 593, 597 (1960). By requiring a record of the hearing and an explained award, the parties can ensure that the Award is subject to, at least some, judicial scrutiny. *Mid Atlantic*, 956 F.3d at 1196 (10th Cir. 2020). Here, like in *Neary*, there is clearly sufficient evidence for the Plaintiff to survive summary judgment. *See generally Neary v. Prudential Ins. Co. of Am.*, 63 F. Supp. 2d 208 (D. Conn. 1999). Unlike *Neary*, however, there is simply no record of the hearing or any explanation of the arbitrator's reasoning.

Thus, the Arbitrator's failure to explain the Award and ensure there is a record of the hearing has denied Plaintiff the protection of, at least some judicial review, which was a critical provision in the Agreement. Upon remand, Arbitrator would be required to ensure there is a record of the hearing, and she will have to provide an explanation of her award. The process of conducting a second hearing and analyzing the pleadings and the evidence implicates the doctrine of *functus officio.* This is especially true given that the award was issued on June 2,

11

2021, and it is likely that significant time will elapse between the filing of this motion and, if the Court vacates the award, the time when the arbitrator would revisit the Award.

Finally, to the extent this court were to remand this case to Arbitrator Clark, her subsequent order would be subject to additional judicial scrutiny, which undermines the very purpose arbitration in the first place.[9] *Brown v. Coleman Co.*, 220 F.3d 1180, 1182 (10th Cir. 2000) ("[b]y agreeing to arbitrate, a party trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration.").

## IV.     CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court VACATE the Award. Furthermore, Plaintiff requests that this Court ORDER that Arbitrator Clark is barred from further action on this matter under the doctrine of *functus officio*.

Dated: September 13, 2021.

        Respectfully submitted,

        KONTNIK | COHEN, LLC

        *s/ Spencer J. Kontnik*
        Spencer J. Kontnik
        201 Steele Street, Suite 210
        Denver, Colorado 80206
        Telephone: (720) 449-8448
        E-Mail: skontnik@kontnikcohen.com
        Attorney for Plaintiff GARY WAETZIG

---

[9] Plaintiff reserves its right to appeal a subsequent explained award to the extent it manifestly disregards the law or any other legal ground.