IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:20-cv-00423-KLM

GARY WAETZIG,

 Plaintiff,

v.

HALLIBURTON ENERGY SERVICES, INC.,

 Defendant.

---

**OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN AND VACATE ARBITRATION AWARD GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

NOW COMES Defendant Halliburton Energy Services, Inc. ("Defendant" or "Halliburton"), through counsel, who hereby submits this Opposition to Plaintiff's Motion to Reopen and Vacate Arbitration Award Granting Defendant's Motion for Summary Judgment ("Motion to Reopen"). For the reasons set forth below, Plaintiff's Motion to Reopen should be denied.

**I. INTRODUCTION**

In February 2019, Plaintiff Gary Waetzig ("Plaintiff" or "Waetzig") filed a single plaintiff garden-variety age discrimination claim in this Court alleging that his termination from Halliburton in September 2017 violated the Age Discrimination in Employment Act ("ADEA"). However, as Plaintiff was contractually bound to arbitrate his claim pursuant to Halliburton's Dispute Resolution Plan ("DRP"), he filed a Notice of Voluntary Dismissal without Prejudice in April 2019. Thereafter, Plaintiff initiated an arbitration before JAMS,

which after full discovery, ultimately concluded with the Arbitrator granting Defendant's motion for summary judgment and dismissing Plaintiff's claim in its entirety. Unsatisfied with the Arbitrator's decision, Plaintiff now attempts, in an untimely fashion, to reopen the case in this Court in the hopes that he will get a second bite at his meritless claim.

However, this Court should deny Plaintiff's request to reopen the case because Halliburton's DRP controls not only his original age discrimination claim, but also any dispute arising from the resolution of such claim. In addition, Plaintiff mischaracterizes the rules and requirements of Halliburton's DRP as well as JAMS Employment Arbitration Rules, and the substance of his argument that the Arbitrator's Order should be vacated does not fall within the Federal Arbitration Act's exclusive reasons for vacatur of an arbitrator's award. As a result, this Court should deny Plaintiff's Motion to Reopen.

## II.    PROCEDURAL HISTORY

On February 19, 2020, Plaintiff filed his Complaint in this Court alleging age discrimination under the ADEA. [ECF No. 1.] On April 13, 2020, Plaintiff filed a Notice of Voluntary Dismissal without Prejudice. [ECF No. 8.] The same day, the Court terminated the case. [ECF No. 9.] Defendant never made an appearance prior to the Court's termination of the case.

Thereafter, Plaintiff filed his Demand for Arbitration with JAMS, and Plaintiff and Defendant (collectively referred to as the "Parties") participated in an arbitration pursuant to Halliburton's DRP, which included full discovery and ultimately concluded in a dismissal of Plaintiff's claim following briefing by both parties on Defendant's Motion for Summary

Judgment[1] as well as a phone conference on the merits of Defendant's motion. The Arbitrator's Order Granting Respondent's Motion for Summary Judgment memorialized her decision on the merits of Defendant's motion seeking the summary dismissal of Plaintiff's claim. [*See* ECF No. 11-1.]

Unsatisfied with the Arbitrator's June 2, 2021 Order Granting Respondent's Motion for Summary Judgment, Plaintiff filed his Motion to Reopen in this Court on September 13, 2021, more than three months later. [ECF No. 11.] Plaintiff's counsel emailed undersigned counsel a copy of the Motion to Reopen on September 14, 2021. [ECF No. 12.]

### III. HALLIBURTON'S DISPUTE RESOLUTION PLAN

Plaintiff began working for Halliburton in 2011. [ECF No. 1 at ¶ 25.] Like all Halliburton employees in the United States, Plaintiff agreed to resolve any disputes arising out of his employment through Halliburton's DRP. (*See* Motion to Reopen [ECF. No. 11] at p. 3; *see also* Halliburton's DRP [ECF No. 11-6].)

Halliburton's DRP covers all disputes "between the Company and the Company's present and former Employees and Applicants for employment, including those related to

---

[1] Notably, the Parties entered into a Protective Order and Confidentiality Agreement, which was signed by the Arbitrator, that restricted the Parties' use of defined "confidential records" produced throughout the arbitration. (*See* Protective Order and Confidentiality Agreement attached to the Declaration of Joseph Ward as Exhibit A.) Specifically, the Protective Order and Confidentiality Agreement set forth that "confidential records" could only be used "solely for the purpose of this arbitration and for no other purpose" and prohibited the Parties from disclosing the content of "confidential records." Plaintiff blatantly violated the Protective Order and Confidentiality Agreement by attaching documents to his Motion to Reopen which included confidential business information of Halliburton that was designated as "confidential" and, therefore, subject to the Protective Order and Confidentiality Agreement. Specifically, Plaintiff violated the Protective Order and Confidentiality Agreement by publicly filing Defendant's Motion for Summary Judgment, Plaintiff's Response to Motion for Summary Judgment, Plaintiff's Response to Statement of Fact, and Defendant's Reply in Support of Motion for Summary Judgment in this Court. [ECF Nos. 11-8, 11-9, 11-10, 11-11.]

or arising out of a current, former, or potential employment relationship with the Company." [ECF No. 11-6 at p. 1.] Furthermore, the DRP constitutes the **exclusive** means for current or former Halliburton employees to resolve workplace disputes. (*Id.*) The DRP specifically defines "dispute" to mean:

> all legal and equitable claims, demands, and controversies, of whatever nature or kind … including, but not limited to, any matters with respect to:
> …
> 1. ***This Plan***; …
>
> ***
>
> 6. ***Any prior resolution or settlement of a Dispute between the Parties subject to the Plan***; …

(*Id.* at p. 2) (emphasis added). Further, the DRP states: "All Disputes not otherwise settled by the Parties ***shall be finally and conclusively resolved through arbitration under this Plan and the Rules, instead of through trial before a court.***" (*Id.* at p. 5) (emphasis added). In addition, the DRP reiterates that "[p]roceedings under this Plan, including arbitration, shall be the exclusive, final and binding method by which Disputes are resolved." (*Id.* at p. 8.)

Thus, any and all disputes arising out of Plaintiff's employment with Halliburton ***and*** any and all disputes with respect to the resolution of Plaintiff's age discrimination claim through arbitration are subject to final and binding resolution via the DRP and arbitration. (*Id.*)

## IV. ARGUMENT

### A. Federal Policy Strongly Favors Enforcement of Arbitration Agreements.

Plaintiff's Motion to Reopen is governed by the Federal Arbitration Act, 9 U.S.C. § 1 *et. seq.* ("FAA"). *See BOSC, Inc. v. Bd. of Cty. Commissioners of Cty. of Bernalillo*, 853

4

F.3d 1165, 1176–77 (10th Cir. 2017). The FAA's primary purpose is to "enforce private agreements into which parties [have] entered." *Mitsubishi Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 625-26 (1985) (citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)). In enacting the FAA, Congress declared a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983); *see also Equal Employment Opportunity Comm'n v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002); *Stewart Title Guaranty Co. v. Tilden*, 64 P.3d 739 (Wyo. 2003). To that end, the FAA requires courts "'rigorously' to 'enforce arbitration agreements according to their terms.'" *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018) (*quoting American Express Co. v. Italian Colors Restaurant*, 570 U.S. 228, 233 (2013)).

Furthermore, the FAA mandates that any doubts as to the arbitrability of issues be resolved in favor of arbitration. *Greentree Fin. Corp. v. Bazzle*, 123 S. Ct. 2402, 2407 (2003). As the Supreme Court stated:

> [Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration ... The [FAA] establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.

*Moses H. Cone Mem. Hosp.*, 460 U.S. at 24-25. Thus, arbitration agreements are favored and should be enforced. *See also Hill v. Ricoh Americas Corp.*, 603 F.3d 766, 771 (10th Cir. 2010) ("The FAA is a 'congressional declaration of a liberal federal policy favoring arbitration agreements.'") (internal citation omitted); *Cummings v. Fedex Ground Package Sys.*, 404 F.3d 1258, 1262 (10th Cir. 2005).

### B. Plaintiff's Motion is Untimely

As a threshold matter, the Arbitrator's Order dismissing Plaintiff's claim in full was issued and served on June 2, 2021. [ECF No. 11-1]. Under the FAA, a motion to vacate must be served "within three months after the award is filed or delivered." 9 U.S.C. § 12. Plaintiff did not file the instant motion until September 13, 2021, and emailed a copy of the motion to Halliburton the following day, **three months and 12 days** after the dismissal order was issued. [*See* ECF Nos. 11 and 12.] "A party to an arbitration award who fails to comply with the statutory precondition of timely service of notice forfeits the right to judicial review of the award." Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith, 477 F.3d 1155, 1158 (10th Cir. 2007). Such is the case here. Because Plaintiff failed to file and serve this motion within three months of the Arbitrator's award, his Motion to Reopen is time-barred and must be dismissed.[2]

Further, Plaintiff failed to properly serve notice to Halliburton. Pursuant to the FAA, service must be made in the same manner as prescribed by law for service of notice of a motion in the same court. *See* 9 U.S.C. § 12. Federal Rule of Civil Procedure 5 requires that service may only be effected via electronic means if the person consented in writing.[3] In other words, an email to counsel is insufficient without express consent. Here, Plaintiff

---

[2] To the extent Plaintiff tries to skirt the limitations period by arguing that under JAMS rule 24(k) an award is not finalized for 14 days, there is no such language in the order itself or the FAA providing for a 14-day tolling or finalization period. Moreover, the JAMS rule referenced specifically contemplates an "Award" issued following the close of an evidentiary hearing, which is defined by those same rules as "generally … similar to that of a court trial." *See* ECF No. 11-1, Rule 22(d). Rule 24(k)'s reference to finalization of an Award, read in context, clearly does not contemplate summary dismissal such as the one here. Indeed, summary dismissal is provided for elsewhere in the rules and in the DRP. This argument is a red herring and without merit, and cannot save Plaintiff's time-barred motion.

[3] Further, the comments note that consent must be express and not implied by conduct. Fed. R. Civ. P. 5 (b)(2)(E), advisory committee note, 2001.

6

merely emailed a copy of the filed motion to Halliburton's counsel the day after it was filed. [ECF No. 12.] Because Halliburton has not heretofore appeared in this matter, it had not consented to electronic service for this Court proceeding and was not then enrolled in this Court's ECF system for this case. As the court held in *IKON Glob. Markets, Inc. v. Appert*, No. C11-53RAJ, 2011 WL 9687842, at *2 (W.D. Wash. July 28, 2011), "[n]o federal rule or rule of this Court permits a party to accomplish service [of a motion to vacate under the FAA] by sending an email to a party who has not consented to service by email," holding that an email to counsel was insufficient to accomplish proper service under § 12.

Such is the case here. Plaintiff not only failed to *timely* file and notice this motion, he failed to *properly serve* notice of it as well. Thus, Plaintiff's Motion to Reopen should be denied on this basis alone.

    **C.**    **The DRP Controls the Instant Controversy.**

Even if Plaintiff's Motion to Reopen was timely and properly filed, noticed and served (it was not), it should nevertheless be dismissed. In his Motion to Reopen, Plaintiff argues that the Arbitrator failed to issue an "explained award," which he claims was required by the DRP. In other words, Plaintiff's instant dispute pertains to an interpretation of what the DRP required regarding the content (or purported lack thereof) of the Arbitrator's Order Granting Respondent's Motion for Summary Judgment that was rendered in the arbitration on June 2, 2021.[4] [*See* ECF No. 11 at pp. 1-2.]

---

[4] Notably, DRP Rule 21 provides the procedural mechanism that Plaintiff could have utilized to object to the Arbitrator's Order Granting Respondent's Motion for Summary Judgment. [ECF No. 11-6 at p. 16.] DRP Rule 21 states that "[a]ny Party who fails to object in writing, after knowledge that any provision or requirements of these procedures and Rules have not been complied with, shall be deemed to have waived

However, Halliburton's DRP specifically addresses this exact scenario by defining "Dispute" to include "[t]his Plan" (*e.g.,* the terms and Rules of the DRP itself) and "[a]ny prior resolution … of a Dispute between the Parties subject to the Plan." [ECF No. 11-6 at p. 2.] Put another way, the Parties contractually agreed to arbitrate not only Plaintiff's age discrimination claim, but also any dispute pertaining to the DRP itself as well as any dispute concerning the resolution of Plaintiff's age discrimination claim (*i.e.,* the Arbitrator's Order Granting Respondent's Motion for Summary Judgment). (*Id.*) Thus, pursuant to the agreement of the Parties, Plaintiff's Motion to Reopen is not properly before this Court; rather, Plaintiff's instant dispute is itself subject to Halliburton's DRP, which explicitly provides that it "***shall be finally and conclusively resolved through arbitration under this Plan and the Rules, instead of through trial before a court.***" (*Id.* at p. 5) (emphasis added). Accordingly, this Court should deny Plaintiff's Motion to Reopen.

**D.    Halliburton's DRP Does Not Support Plaintiff's Position.**

While Defendant maintains that the DRP provides that arbitration is the exclusive means of resolving Plaintiff's dispute over the terms of the DRP and the substance of the Arbitrator's Order Granting Respondent's Motion for Summary Judgment, even if this Court were to examine the provisions of the DRP, it is clear that Plaintiff's Motion to Reopen lacks merit.

---

the right to object." (*Id.*) Thus, under Plaintiff's own theory that the Arbitrator's decision was final fourteen (14) days post service, he waived the right to object to any alleged procedural shortfalls as to the Arbitrator's Order Granting Respondent's Motion for Summary Judgment pursuant to the terms of the DRP.

### 1. Plaintiff purposely distorts the meaning of the term "conference" with the terms "hearing" and "proceedings."

In his Motion, Claimant attempts to muddy the water by conflating the term "conference" with the terms "hearing" and "proceedings." Specifically, Plaintiff argues that the arbitration rules and/or procedures were not complied with because his counsel was informed that a "***phone conference***" was being scheduled (5 days in advance) which turned out to be oral arguments on Defendant's Motion for Summary Judgment.[5] [*See* ECF No. 11-12 at p. 1.] However, the DRP distinguishes between the term "conferences" and the terms "hearing" and/or "proceedings," and it provides different procedures and requirements for each.

Rule 8 of the DRP is titled "Conferences," and subsections (C) and (D) of Rule 8 clearly state that the arbitrator may "notice and hold ***conferences for the discussion and determination*** of any matter which will expedite the proceeding, including: … ***summary determination of dispositive legal issues***." [ECF No. 11-6 at pp. 12-13] (emphasis added). Importantly, the DRP provides no requirement for notice or recording for such a conference, nor a rule that mandates written reasons for summary dismissal. Indeed, a summary dismissal motion may be decided on the briefs alone– there is no requirement that a conference or oral argument be conducted at all.

On the other hand, Rule 7 of the DRP states that the "arbitrator shall set the date, time, and place of any ***proceeding***" and "[n]otice of any ***hearing*** shall be given at least

---

[5] It is unclear why arguments regarding the then-fully briefed and pending motion for summary judgment would have been a surprise to counsel, or why counsel for Plaintiff did not contact JAMS for clarification if he had concerns regarding the purpose of the call.

ten (10) calendar days in advance …" [ECF No. 11-6 at p. 12] (emphasis added). In addition, the DRP contains a litany of Rules that pertain to "hearings" and "proceedings" (and ***not*** to "conferences"), including the following:

- DRP Rule 12, titled "Attendance at ***Hearings***," empowers the arbitrator to permit or exclude witnesses from the proceeding;
- DRP Rule 14, titled "Oaths," states that "[b]efore proceeding with the first ***hearing***, each arbitrator may take an oath of office …" and grants the arbitrator discretion to require witnesses to testify under oath;
- DRP Rule 15, titled "Record of ***Proceedings***," requires the record of a ***hearing*** be prepared at Halliburton's expense;
- DRP Rule 16, titled "Procedure," states that the "***proceedings*** shall be conducted by the arbitrator in whatever order and manner will most expeditiously permit full presentation of the evidence and arguments;"
- DRP Rule 19, titled "Post-***Hearing*** Submissions," states that "[a]ll documentary evidence to be considered by the arbitrator shall be filed at the ***hearing*** unless the arbitrator finds good cause …" and the arbitrator "shall permit the filing of post-***hearing*** briefs;"
- DRP Rule 20, titled "Closing and Reopening of ***Proceedings***," states that "[w]hen the arbitrator is satisfied that the record is complete, including the submission of any post-***hearing*** briefs or documents permitted by the arbitrator, the arbitrator shall declare the ***proceeding*** closed."

[ECF 11-6 at pp. 14-16] (emphasis added).

Based on the foregoing, the DRP clearly contemplates a distinction between a ***conference*** to determine summary disposition and an evidentiary ***hearing or proceedings*** on the merits, which functions similar to a trial. Plaintiff's specious argument that the Arbitrator failed to adhere to the DRP based upon her notice of a "***phone conference***" to hear arguments on Defendant's Motion for Summary Judgment is without merit. Likewise, Claimant's argument that the Arbitrator's Order is somehow deficient because there was no record of proceedings falls flat as well (*see, e.g.,* DRP Rule 15 [ECF 11-6 at pp. 14-15] ("[A] record of the ***hearing*** on the merits of a Dispute shall be prepared …")).

### 2. Claimant attempts to distort the meaning of the term "order" with the term "award."

Likewise, Plaintiff attempts to distort the term "order" with the term "award." However, it is clear from the context in DRP rules that these terms are distinguishable.

To begin, the decision at issue in Plaintiff's Motion to Reopen is the Arbitrator's ***Order Granting Respondent's Motion for Summary Judgment***. The DRP does not require that summary dismissal must be based on written reasons; indeed, as noted above, the DRP specifically provides that the arbitrator may hold ***conferences for the summary determination of dispositive legal issues*** without the requirement to issue a reasoned determination. [ECF 11-6 at pp. 12-13.] In other words, the DRP contemplates that an arbitrator may verbally grant or deny a dispositive motion at the conclusion of a "conference" held for the summary determination of such a motion, without any requirement to issue a written determination.

On the contrary, DRP Rule 25, titled "Time of Award," states "[t]he award shall be promptly made by the arbitrator, unless otherwise agreed by the Parties or specified by applicable law, no later than thirty (30) calendar days from the date of the closing of the proceeding …" Thus, it is clear from the plain text of the DRP that an "award" necessarily follows the conclusion of a "proceeding," and not merely following the conclusion of a "conference" (or in this case, a "phone conference"). Hence, DRP Rule 26 titled, "Form of Award," is not applicable to the Arbitrator's Order Granting Respondent's Motion for Summary Judgment as it did not follow the conclusion of any hearing or proceedings, but

rather followed the conclusion of the "phone conference" wherein counsel for the Parties argued as to the merits of Defendant's Motion for Summary Judgment.[6]

In sum, the DRP did not require that the Arbitrator issue an award that contained a brief statement of essential findings of fact and/or conclusions of law, and Plaintiff's argument is a clear departure from both the text and spirit of the DRP.[7] As the Arbitrator's Order Granting Respondent's Motion for Summary Judgment was sufficient on its face under the DRP, Claimant's Motion to Reopen is due to be dismissed.

### E. The substance of Claimant's argument is not within the FAA's exclusive reasons for vacatur of an arbitrator's award.

Although it was an "order" that the Arbitrator issued granting Defendant's motion for summary judgment, assuming *arguendo* that it was an "award," Plaintiff cannot establish that such an award should be vacated. Section 10(a) of the FAA provides the exclusive grounds for vacatur of an arbitration award, stating an award may be vacated: (1) "where the award was procured by corruption, fraud, or undue means"; (2) "where there was evident partiality or corruption in the arbitrators"; (3) "where the arbitrators were guilty of misconduct ... or of any other misbehavior by which the rights of any party have

---

[6] While Defendant maintains that the Arbitrator's Order Granting Respondent's Motion for Summary Judgment is not an "award," the DRP nevertheless provides a mechanism for the modification of an award. [*See* ECF No. 11-6 at p. 18.] Specifically, DRP Rule 27, titled "Modification of Award" provides that an arbitrator may modify an award on the motion of a party if the arbitrator finds that the award, as rendered, is ambiguous or defective in form. (*Id.*) Plaintiff completely failed to utilize this procedural vehicle to challenge the Arbitrator's Order Granting Respondent's Motion for Summary Judgment.

[7] Likewise, there is nothing in the scheduling orders entered by the Arbitrator or JAMS Employment Rules that required the Arbitrator issue a reasoned award following a "phone conference" related to the Arbitrator's determination of Defendant's Motion for Summary Judgment. [*See* ECF No. 11-2, 11-3, 11-4, 115.] Indeed, JAMS Employment Rules expressly contemplate that an arbitrator may ultimately make other binding decisions separate and apart from a "final award." [*See* ECF No. 11-2 at p. 10] ("In addition to a Final Award or Partial Final Award, the Arbitrator may make other decisions, including interim or partial rulings, **orders** and Awards.") (emphasis added).

been prejudiced"; or (4) "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a). Indeed, as this Court has noted, because "[t]he parties have contracted for an arbitrator to resolve their disputes, not a court," judicial review of an arbitrator's award is "among the narrowest known to the law." *Cath. Health Initiatives of Colorado v. Commc'ns Workers of Am.*, No. CIV. 09CV01642REBMJW, 2010 WL 1348290, at *3 (D. Colo. Mar. 31, 2010) (quoting *LB & B Assoc., Inc. v. Int'l Bhd. of Elec. Workers, Local No. 113,* 461 F.3d 1195, 1197 (10th Cir.2006)). Thus "[w]hether the arbitrator's reading of the agreement was strained or even seriously flawed ... is irrelevant." *Id.* (internal quotation omitted).

"Consistent with this extremely narrow and deferential standard of review, a court must find that an award draws its essence from the [] agreement and is, therefore, valid, and '[a]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.'" *Id.* In other words, "so long as the award is based on the arbitrator's interpretation—unsound though it may be—of the contract, it draws its essence from the contract.... It is only when the arbitrator must have based his award on some body of thought, or feeling, or policy, or law that is outside the contract ... that the award can be said not to draw its essence from the [] agreement." *Id.* "The court thus will not interfere with an arbitrator's decision unless it can be said with positive assurance that the contract is not susceptible to the arbitrator's interpretation." *Sterling*

*Colo. Beef Co. v. United Food Commercial Workers Local Union No. 7,* 767 F.2d 718, 720 (10th Cir.1985).

Here, Plaintiff argues the Arbitrator's Order Granting Respondent's Motion for Summary Judgment should be vacated under 9 U.S.C. § 10(a)(3), which provides for vacatur "when the arbitrators were guilty … of any other misbehavior by which the rights of a party have been prejudiced," and § 10(a)(4), "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(3), (4). However, in the instant case, there is no evidence that the Arbitrator was guilty of any misconduct; on the contrary, the Arbitrator presided over the arbitration pursuant to the agreement of the Parties as expressed by the terms of the DRP. Likewise, there is no indicia that the Arbitrator exceeded her powers by issuing her Order Granting Respondent's Motion for Summary Judgment. Rather, the Arbitrator set forth a briefing schedule for dispositive motions, Defendant's motion was fully briefed, she heard oral arguments, and then rendered her decision in the form of an "order" that granted the relief requested by Defendant.

In short, Plaintiff's grievance is based upon the form of the Arbitrator's order, not her underlying determination. Thus, it is clear that Plaintiff is attempting to get a second bite at the apple by setting forth the meritless procedural arguments contained in his Motion to Reopen. Because Plaintiff's basis for his Motion to Reopen does not fall within the narrow confines of the FAA's exclusive grounds for vacatur of an arbitration award, this Court should deny it and determine that this case remain closed.

## CONCLUSION

In conclusion, this Court should deny Plaintiff's Motion to Reopen because it is untimely and was not properly served. Moreover, Halliburton's DRP controls not only his original age discrimination claim, but it also requires arbitration of any dispute arising from the resolution of said claim. In addition, Plaintiff mischaracterizes the rules and requirements of Halliburton's DRP as well as JAMS Employment Arbitration Rules. Finally, the substance of Plaintiff's argument to vacate the Arbitrator's order does not fall within the FAA's limited reasons for vacatur of an arbitrator's award.

Wherefore, Defendant respectfully requests that the Court deny Plaintiff's Motion to Reopen and decline to reopen this matter and/or vacate the Arbitrator's order.

Respectfully submitted on October 5th, 2021.

> ***/s/ Joseph R. Ward III***
> Joseph R. Ward III (Co Bar No.: 52829)
> THE KULLMAN FIRM
> 9800 Mount Pyramid Court, Suite 400
> Englewood, CO 80112
> Telephone: (720) 447-6628
> Facsimile: (504) 596-4114
> E-Mail: jrw@kullmanlaw.com
>
> COUNSEL FOR DEFENDANT,
> Halliburton Energy Services, Inc.

**CERTIFICATE OF SERVICE**

I certify that on this 5th day of October, 2021, a true and correct copy of the foregoing was filed using the Court's CM/ECF System which will automatically serve a copy on all counsel of record.

*/s/ Joseph R. Ward III*