IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00423-KLM

GARY WAETZIG,

    Plaintiff,

v.

HALLIBURTON ENERGY SERVICES, INC.,

    Defendant.

## ORDER TO SHOW CAUSE

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court *sua sponte*. "[I]t has long been recognized that a federal court must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceeding." *Shaw v. AAA Eng'g & Drafting Inc.*, 138 F. App'x 62, 67 (10th Cir. 2005) (citing *State Farm Mut. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270-71 (10th Cir. 1998)). In this case, Plaintiff voluntarily dismissed the case without prejudice, and now seeks to reopen the case and vacate an arbitration award as to the claims at issue. The Court questions the appropriateness of the request to reopen the case. *See Eggleston v. Daniels*, No. 15-11893, 2017 WL 3977799, at *2 (E.D. Mich. Sept. 11, 2017) ("In order to re-open a case that has been voluntarily dismissed without prejudice, the proper course of action is to file a new complaint, not move to re-open.").

I. Background

Gary Waetzig ("Plaintiff") commenced this action on February 19, 2020. Plaintiff alleged that his termination by Defendant Halliburton Energy Services, Inc. ("Defendant") in September 2017 violated the Age Discrimination in Employment Act. *See Compl.* [#1].[1]

On April 13, 2020, Plaintiff filed a Notice of Voluntary Dismissal without Prejudice [#8] ("Notice of Dismissal"). The Notice of Dismissal [#8] did not refer to an arbitration agreement or request that the Court retain jurisdiction to enforce or vacate any arbitration award. Plaintiff also did not seek to stay or administratively close the case. However, Plaintiff did say in the Notice of Dismissal [#8] that shortly after the case commenced, "the parties agreed to commence arbitration." On April 13, 2020, in accordance with the Notice of Dismissal [#8],the Court dismissed the case without prejudice. *See* Minute Order [#9].[2]

The parties then proceeded to arbitration as to the claims in this case, and the arbitrator issued an Order Granting Respondent's Motion for Summary Judgment. *See* [#11-1]. Plaintiff then filed his Motion to Reopen and Vacate Arbitration Award [#11] (the "Motion"), in which he requested that the Court reopen this case for good cause to determine whether the arbitration award should be vacated. This Motion [#11] is fully briefed. *See Response* [#16]; *Reply* [#17]. In the briefing on the Motion [#11], the parties did not raise or address the issue of whether the Court has jurisdiction to reopen the case given the fact that Plaintiff did not seek to stay or administratively close the case subject

---

[1] "[#1]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The Minute Order [#9] noted that Plaintiff requested that the case be dismissed without prejudice but then "ordered that the case is **DISMISSED** pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i)." Nonetheless, in light of the Notice of Voluntary Dismissal Without Prejudice [#8], the Court construes the Minute Order [#9] as a dismissal of the case without prejudice.

to reopening, but dismissed the case without prejudice.  Nonetheless, the Court must *sua sponte* satisfy itself that it has authority to reopen the case.

## II.  Analysis

"A case that is dismissed is 'fundamentally different from a case that is closed.'" *In re Brooks*, No. 17-13033-SAH, 2018 WL 735931, at *2 (W.D. Okla. Feb. 6, 2018).  *See also ATAC Corp. v. Arthur Treacher's, Inc.*, 280 F.3d 1091, 1099 (6th Cir. 2002) (noting that a stay coupled with closing the case differs from a dismissal order because it "suggests that the district court perceives that it might have more to do than execute the judgment once arbitration has been completed").  As noted by the Sixth Circuit, "[e]ven if the district court has nothing left to do unless and until one of the parties moves to reopen the case after arbitration, that does not make a stay and a dismissal equivalent." *Id.*

A dismissal without prejudice generally means that the plaintiff "may, if appropriate, file a new case addressing the issues raised in his prior dismissed case." *Stine v. Wiley*, No. 06-cv-02105-WYD-KLM, 2010 WL 3516634, at *1 (D. Colo. Aug. 10, 2010); *see also Cline v. HSBC Bank USA, NA*, No. 2:11-CV-00233, 2012 WL 6214307, at *2 (S.D. Ohio Dec. 13, 2012) ("[B]ecause the action was dismissed without prejudice, Plaintiff is free to re-file her action."); *Eggleston*, 2017 WL 3977799, at *2.  Dismissing a case without prejudice is a separate procedure from removing a case from a court's active docket through administrative closure.  *In re Heritage Sw. Med. Grp, P.A.*, 423 B.R. 809, 813 (N.D. Tex. 2010).  "Administrative closure pursuant to D.C.COLO.LCivR 41.2 may be appropriate when a case would otherwise be stayed for an indefinite amount of time, subject to reopening for good cause." *Davis v. United States*, No. 20-cv-01348-CMA-NYW, 2020 WL 6206292, at *3 (D. Colo. Sept. 28, 2020).  The Tenth Circuit recognizes

administrative closure as a mechanism for removing "from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) . . . ." *Aragon v. U-Haul Co of Colorado*, 550 F. Supp. 3d 933, 936 (D. Colo. 2021).

Even though Plaintiff referenced in the Notice of Dismissal [#8] that the parties had agreed to arbitration, Plaintiff did not seek to stay or administratively close the case. Instead, Plaintiff sought and received a dismissal of the case without prejudice. *Id.*; *Minute Order* [#9]. It is clear from the Notice of Dismissal [#8] and the Minute Order [#9] that this case was thus terminated, rather than administratively closed. In light of the foregoing,

IT IS HEREBY **ORDERED** that the Plaintiff shall show cause, in a writing filed with the Court on or before **June 22, 2022**, why the Court should not deny the Motion [#11] to the extent that Plaintiff moves to reopen the case, and require that Plaintiff file a new case to the extent he seeks to vacate the arbitration award.

Dated: June 8, 2022

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge