IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00423-KLM

GARY WAETZIG,

    Plaintiff,

v.

HALLIBURTON ENERGY SERVICES, INC.,

    Defendant.

## ORDER

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter comes before the Court on the **Order to Show Cause** [#18] issued on June 8, 2022, and **Plaintiff's Motion to Reopen and Vacate Arbitration Award Granting Defendant's Motion for Summary Judgment** [#11] ("Plaintiff's Motion"). The Court has reviewed Plaintiff's Response to the Order to Show Cause [#19] and Defendant's Reply [#20], the Motion [#11], the Response [#16] to the Motion and the Reply [#17], the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Order to Show Cause [#18] is **discharged**.[1] Further, the portion of Plaintiff's Motion [#11] that seeks to reopen the case is **granted**. The portion of Plaintiff's Motion [#11] that seeks to vacate the arbitration award shall be addressed in a subsequent order.

---

[1] This case has been referred to the undersigned for all purposes pursuant to D.C.COLO.LCivR 40.1(c) and 28 U.S.C. § 636(c), on consent of the parties. *See* [#23, #24].

## I.      Background

Plaintiff Gary Waetzig commenced this action in February 2020.  Plaintiff alleged that his termination by Defendant Halliburton Energy Services, Inc. ("Defendant") in September 2017 violated the Age Discrimination in Employment Act.  *See Compl.* [#1].

In April 2020, Plaintiff filed a Notice of Voluntary Dismissal without Prejudice [#8], stating that the parties agreed to commence arbitration.  *Id.*[2]  On April 13, 2020, the Court dismissed the case.  *Minute Order* [#9].  The parties proceeded to arbitration, and on June 2, 2021, the arbitrator issued an Order Granting Defendant's Motion for Summary Judgment.  *Motion* [#11], Ex. 1.

The instant Motion [#11] was filed on September 13, 2021.  Plaintiff requests in the Motion [#11] that the Court reopen this case for good cause to determine whether the arbitration award should be vacated.  Plaintiff also argues that the arbitration award be vacated pursuant to 9 U.S.C. § 10 of the Federal Arbitration Act ("FAA"), on the basis that that Arbitrator Clark exceeded her powers under the Agreement by not stating her essential findings of fact and conclusions of law, prejudiced Plaintiff, and acted in manifest disregard of the law.  *Motion* [#11] at 6-7.  Neither party addressed in their briefing on Plaintiff's Motion [#11] whether the Court had jurisdiction to consider the Motion given that the case had been voluntarily dismissed by Plaintiff pursuant to Fed. R. Civ. P 41(a)(1)(A)(i).

As the Court must *sua sponte* satisfy itself that it has jurisdiction, *Shaw v. AAA Eng'g & Drafting Inc.*, 138 F. App'x 62, 67 (10th Cir. 2005), the Court raised the

---

[2] The Arbitration Agreement at issue states that "[a]ll Disputes not otherwise settled by the Parties hall be finally and conclusively resolved through arbitration under this Plan and the Rules, instead of through trial before a court."  *Pl.'s Mot.* [#11], Ex. 6 at 5.

jurisdictional issue in its Order to Show Cause [#18].  The Court noted that Plaintiff did not move to stay or administratively close the case, or request that the Court retain jurisdiction to review the arbitration award.  Instead, as noted previously, Plaintiff filed a Notice of Dismissal [#8] to dismiss the case without prejudice pursuant to Fed. R. Civ. P 41(a)(1)(A)(i) so that the parties could arbitrate the case, and the case was dismissed.

As the Order to Show Cause [#18] highlighted, "'[a] case that is dismissed is fundamentally different from a case that is closed.'" *Id.* at 3 (quoting *In re Brooks*, No. 17-13033-SAH, 2018 WL 735931, at *2 (W.D. Okla. Feb. 6, 2018)); *see also ATAC Corp. v. Arthur Treacher's, Inc.*, 280 F.3d 1091, 1099 (6th Cir. 2002) (stating that a stay coupled with closing the case differs from a dismissal order because it "suggests that the district court perceives that it might have more to do than execute the judgment once arbitration has been completed").  A dismissal without prejudice generally means that the plaintiff "may, if appropriate, file a new case addressing the issues raised in his prior dismissed case." *See, e.g., Stine v. Wiley*, No. 06-cv-02105-WYD-KLM, 2010 WL 3516634, at *1 (D. Colo. Aug. 10, 2010).  In light of this, Plaintiff was ordered to show cause in writing why the Court should not deny the Motion [#11] to the extent that Plaintiff moves to reopen the case, and require that Plaintiff file a new case to the extent he seeks to vacate the arbitration award.

Plaintiff's Response [#19] to the Order to Show Cause [#18] asserts that the Court has authority to reopen this case under Fed. R. Civ. P. 60(b)(1) and (6) based on a change in intervening law, excusable neglect, and mistake. *See, e.g., id.*  Plaintiff further argues that if the Court denies Plaintiff's request to reopen in the Motion [#11] and requires him to file a new case, that case will, because of an intervening change in law, either be

dismissed for lack of subject matter jurisdiction or be barred by the statute of limitations. *Id.* Defendant asserts, on the other hand, that there is no basis to reopen the case because the Notice of Dismissal [#8] dismissed the case, leaving the Court without jurisdiction, and there is no valid court order of dismissal to set aside. *Reply to Order to Show Cause* [#20] at 2-3. Defendant also argues that Plaintiff's reasons for reopening the case based on Rule 60(b), including the reliance on the Supreme Court's decision in *Badgerow* as a change in intervening law, are without merit. *Id.* at 3-4.

## II.     Analysis

**A.     Whether this Court has Jurisdiction to Reopen the Case**

The Court first addresses the Order to Show Cause [#18] and Defendant's argument that the case cannot be reopened because there is no valid court order to set aside. Defendant cites *Lundahl v. Halabi*, 600 F. App'x 596, 603 (10th Cir. 2014), which held that "dismissal is effective at the moment the notice [of dismissal] is filed with the clerk, and an order granting dismissal is superfluous, a nullity, and without procedural effect." Thus, while an Order [#9] dismissing the case was entered in this case in connection with the Notice of Dismissal [#8] ("Notice"), Defendant argues that the Court lost jurisdiction immediately upon the filing of the Notice [#8], and there is no enforceable order that can be vacated. *See Reply* [#20] at 2-3.

The Court acknowledges that "'[t]he [filing of a Rule 41(a)(1)(i) notice] itself closes the file'" and "'the court has no role to play.'" *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (quotation omitted). The *Janssen* court further held that."'[t]he effect of the filing of a notice of dismissal pursuant to Rule 41(a)(1)(i) is to leave the parties as though no action had been brought . . . .the district court loses jurisdiction over the dismissed

- 4 -

claims and may not address the merits of such claims or issue further orders pertaining to them.'" *Id.* (quotation omitted). *Jansen* would appear to support a finding that the Court does not have jurisdiction to reopen the case.

There is an exception, however, when a plaintiff seeks to reopen a case dismissed with prejudice by notice pursuant to Fed. R. Civ. P. 41(a)(1)((A)(i). In that circumstance, the dismissal with prejudice operates as a final adjudication on the merits, and is thus a final judgment. *Schmier v. McDonalds LLC*, 569 F.3d 1240, 1242 (10th Cir. 2009). The *Schmier* court went on, without further distinguishing between a dismissal with or without prejudice, to "embrace the proposition that a plaintiff who has dismissed his claim by filing notice under Rule 41(a)(1)(A)(i) 'may move before the district court to vacate the notice on any of the grounds specified in Rule 60(b).'" *Id.* at 1243 (quotation omitted); *see also Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989) (holding that "'[a]n unconditional dismissal [in a case where dismissal was with prejudice] terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by [Rule] 60(b)'") (quotation omitted). The question becomes whether the Tenth Circuit would apply that rationale to a notice of dismissal without prejudice. The Court believes that it would.

As explained in a decision by the Fifth Circuit, the weight of the case law from other circuits that have considered whether a voluntary dismissal of a case without prejudice is a final proceeding within the meaning of Rule 60(b) have found that it is. *Yesh Music v. Lakewood Church* 727 F.3d 356, 361-63 (5th Cir. 2013) (citing, *e.g., Williams v. Frey*, 551 F.2d 932, 934-35 (3rd Cir. 1977); *Nelson v. Napolitano*, 657 F.3d 586, 589 (7th Cir. 2011)). The Fifth Circuit noted, for example, the Third Circuit's decision on that issue in

*Williams* which held that "'[Rule] 60(b) speaks of relief from a final 'proceeding' as well as a final 'judgment' or 'order'. The dismissal of the suit was, in our view, a proceeding, and it was clearly final. In sum, the court had the power to reopen the dismissed suit.'" *Id.* (quoting *Williams*, 551 F.2d at 934-35). The Fifth Circuit also pointed to the fact that, "without distinguishing between voluntary dismissals with and without prejudice, the Ninth Circuit and Tenth Circuit have also broadly found that a voluntary dismissal "is a judgment, order, or proceeding from which Rule 60(b)relief can be granted.'" *Id.* (quoting *In Re Hunter*, 66 F.3d 1002, 1004-05 (9th Cir. 1995) and *Smith*, 881 F.2d at 904). Similarly, the Fifth Circuit noted that the Fourth Circuit, Sixth Circuit, and Supreme Court have all found that when a claim is voluntarily dismissed pursuant to a Rule 41(a)(1)(A)(ii) stipulated dismissal, the court retains the ability to vacate that dismissal under Rule 60(b)(6). *Id.* (citations omitted).[3]

The Fifth Circuit in *Yesh Music*, found, like the Third Circuit, that a voluntary dismissal without prejudice under Rule 41(a)(1)(A)(1) was a final proceeding subject to vacatur under Rule 60(b). *Id.,* 727 F.3d at 360. The court explained that "a plain reading of 'final' supports defining it as something which is practically 'finished,' 'closed,' or completed.'" *Id.* Thus, "[u]nless a plaintiff acts to re-file her claim in the future, a Rule 41(a)(1)(A) voluntary dismissal terminates, closes, and ends her cause of action, and it

---

[3] Stipulated dismissals under Rule 41(a)(1)(A)((ii), like unilateral dismissals under Rule 41(a)(1)(A)(i), require no judicial action or approval, are effective automatically upon filing, and are presumptively without prejudice. *Id.* Based on this, the Fifth Circuit stated that "these courts have impliedly determined that a voluntary dismissal without prejudice is a final proceeding subject to vacatur under Rule 60(b)." *Id.* The Court notes that subsequent to the *Yesh Music* ruling, the Eighth Circuit has also, despite prior rulings, found that "our sister circuits have the better of this issue" and "agree[d] with those circuits that have held that a stipulated dismissal constitutes a "judgment" under Rule 60(b). *White v. Nat'l Football League*, 756 F.3d 585, 594-95 (8th Cir. 2014).

can rightly be considered 'final.'" *Id.* Moreover, the Fifth Circuit explained that voluntary dismissal of a case was a "proceeding" within the meaning of Rule 60(b), noting that "[w]hile judgments and orders might imply the involvement of a judicial action, a 'proceeding' does not necessarily require any such action." *Id.* "Rather, '[t]he term 'proceeding' is indeterminate," and may be used to describe the entire course of a cause of action or any act or step taken in the cause by either party.'" *Id.* (quotation omitted). The Court finds this analysis persuasive and adopts it here.

Consistent with the above cases, and since the Tenth Circuit's decision in *Schmier*, the Tenth Circuit has indicated in an unpublished opinion that a plaintiff who subsequently decides that he should not have dismissed a case without prejudice (pursuant to a notice filed under Rule 41(a)(1)(A)(i)) could, "as an alternative to refiling, seek to rectify the situation by moving the district court for relief from dismissal" under Rule 60(b). *McKenzie v. AAA Triple Auto Family Ins.,* 427 F. App'x 686, 687 n. 1 (10th Cir. 2011). This provides further support for the Court's finding that a notice of dismissal should be construed as a final proceeding which can be vacated pursuant to Rule 60(b).

The Court further finds instructive the Eighth Circuit's analysis in *White v. Nat'l Football League*, 756 F.3d 585 (8th Cir. 2014). The *White* court considered whether a stipulated dismissal under Rule 41(a)(1)(A)(ii) was a "judgment, order, or proceeding" under Rule 60(b). *Id.* at 594-96. A stipulated dismissal, like a dismissal under Rule 41(a)(1)(A)(i), is executed "without any involvement by the court." *Id.* at 595. The court found that a stipulated dismissal was final for purposes of Rule 60(b), stating that "the concerns that underlie Rule 60(b) are equally as present after a stipulated dismissal as they are after a court-ordered end to litigation." *Id.* at 595-96. "The Rule is designed to

prevent injustice by allowing a court to set aside the unjust results of litigation." *Id.* In addition, the court stated:

> The Rules give no indication that the drafters were concerned with how those results come about, nor do we see why such a distinction should matter. The Federal Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ,P. 1; *see also Matter of Am. Precision Vibrator Co.*, 863 F.2d 428, 429 (5th Cir.1989) ("Equitable considerations mandate that we interpret the Federal Rules of Civil Procedure liberally to avoid miscarriages of justice."), and Rule 60(b)in particular "should be liberally construed when substantial justice will thus be served . . . .

*Id.*

The same analysis would appear to apply to a notice of dismissal under Rule 41(a)(1)(A)(i). The Court can discern no reason why the concerns that underlie Rule 60(b) would not also apply to a notice of dismissal where equitable concerns have been raised as in this case. Like a stipulated dismissal, a notice of dismissal under Rule 41(a)(1)(A)((i) is executed without any involvement of the court, *see id.,* and a court order is superfluous. *Lundahl*, 600 F. App'x at 603.

Accordingly, the Court finds that it has jurisdiction to consider Plaintiff's request to reopen the case (and vacate the dismissal) pursuant to Rule 60(b). The Order to Show Cause [#18] is thus **discharged**.

B.   **Whether the Requirements of Rule (60)(b) Are Met**

The threshold question regarding jurisdiction does not, however, resolve the issue of whether Plaintiff has met the high burden required to reopen a case under Rule 60(b). *See Servants of Paraclete v. Doe*, 204 F.3d 1005, 1009 (10th Cir. 2000) (stating that while "[a] district court has discretion to grant relief as justice requires under Rule 60(b), . . .such relief is 'extraordinary and nay be granted only in exceptional circumstances'") (quotation

omitted). Plaintiff argues that relief is appropriate under Rule 60(b)(1) and (6) based on a change in intervening law, excusable neglect, and mistake. *See Resp. to Order to Show Cause* [#19].

After careful consideration, the Court finds it is appropriate to exercise its discretion to reopen the case under Rule 60(b)(1) and (6). First, the Court finds that Plaintiff appears to have made a careless mistake when he dismissed the action pursuant to Fec. R. Civ. P .41(a)(1)(A)(i) without moving to stay or administratively close the case. Plaintiff evidently did not know the significance of this in connection with limiting his ability to reopen the case when he filed the Notice of Dismissal, and believed that the Court retained jurisdiction over the case regarding the arbitration agreement. *See Kontnik Decl,* [#19-2] ¶¶ 2-4. Courts have found that relief may be appropriate under Rule 60(b)(1) "where, as here, a party makes an 'honest mistake'" in dismissing an action under Rule 41. *Haddad v. Trans Digital Techs., Inc*, No. 12–cv–740–RWT, 2013 WL 12246354, at *2 (D. Md. Aug. 8, 2013) (citing *Jolin v. Castro*, 238 F.R.D. 48, 50 (D. Conn. 2006) (reopening a case after a Rule 41(a) dismissal under Rule 60(b) where plaintiff's counsel made an "honest mistake" in misreading a notice from the court)); *see also Marine Office of America Corp. v. Lake River Corp.*, No. 81-C-4291, 1987 WL 16898, at *3 (N.D. Ill. Sep. 8, 1987) (finding that counsel's honest mistake about the meaning and purpose of his stipulation to entry of judgment may justify relief under Rule 60(b), but denying motion on other grounds).

Alternatively, the Court finds that Plaintiff is entitled to relief under Rule 60(b)(6). The Tenth Circuit has described Rule 60(b)(6) "'as a grand reservoir of equitable power to do justice in a particular case.'" *Johnson v. Spencer*, 950 F.3d 680, 700-01 (10th Cir.

2020) (quotation and internal quotation marks omitted). Although "'the rule should be liberally construed when substantial justice will thus be served,' . . . 'relief under Rule 60(b)(6) is extraordinary[,]'" reserved for exceptional circumstances, and may be granted "'only when such action is necessary to accomplish justice.'" *Id.* at 701 (quotations omitted); *see also State Bank v. Gledhill*, 76 F.3d 1070, 1080 (10th Cir. 1996) (quotation omitted). The Tenth Circuit has "sometimes found such extraordinary circumstances to exist when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable." *Cashner v. Freedom Stores*, 98 F.3d 572, 579 (10th Cir. 1996). The Court finds that is precisely the situation here. Plaintiff asserts that due to an intervening change in law, if he is required to file a new case it will either be dismissed for lack of subject matter jurisdiction or be barred by the statute of limitations. *Resp. to Order to Show Cause* [#19] at 1-4.

The intervening change in law is based on the Supreme Court's decision in *Badgerow v. Walters*, 142 S. Ct. 1310 (March 31, 2022). *Resp. to Order to Show Cause* [#19] at 1-2. The *Badgerow* decision was issued after the case was terminated, and after Plaintiff filed his Motion to Reopen and Vacate Arbitration Award [#11].[4] The *Badgerow* decision first confirmed that the FAA's authorization of a petition to compel arbitration or to confirm or vacate an arbitration award does not itself create jurisdiction for a federal court to resolve the matter, and that there must be an "independent jurisdictional basis." *Id.* at 1314. The Court then stated that it had found as to petitions to compel arbitration under Section 4 of the FAA that the text of Section 4 "instructs a federal court to 'look

---

[4] Although the Tenth Circuit had not decided the issue, Plaintiff notes that his decision to seek relief from the arbitration award under the FAA in federal court through his Motion [#11] was consistent with the rule of law in the First, Second, Fourth, and Fifth Circuit Courts of Appeals and the plain wording of the FAA at the time.

through' the petition to the 'underlying substantive controversy' between the parties—even though that controversy is not before the court." *Id.* (quoting *Vaden v. Discover Bank,* 556 U.S. 49, 62 (2009)).  If the underlying dispute falls within the court's jurisdiction, then the court may rule on the petition to compel regardless of "whether the petition alone could establish the court's jurisdiction." *Id.*  The question presented to the Supreme Court in *Badgerow* was whether this look-through approach also applied to Sections 9 and 10 of the FAA relating to petitions to confirm or vacate the arbitration award, as is at issue in this case.  Resolving a split amongst the lower courts, the Supreme Court held as a matter of first impression that the "look through" approach did not apply to Sections 9 and 10 of the FAA relating to petitions to confirm or vacate arbitration because they "lack Section 4's distinctive language directing a look-through, on which *Vaden* rested." *Badgerow*, 142 S. Ct. at 1314-15.

The Second Circuit recently explained the ramifications of the holding in *Badgerow*:

> This holding has ramifications when a district court dismisses a case after compelling arbitration because a dismissal will certainly require a district court to find an independent jurisdictional basis whenever a new FAA petition arises from the same case. *A stay, however, may enable the court and the parties to sidestep these consequences.*

*Bissonnette v. LePage Bakeries Park St., LLC*, 33 F.4th 650, 661 (2d Cir. 2022) (emphasis added).

Thus, prior to *Badgerow*, if Plaintiff's request to reopen in the Motion [#11] was denied, Plaintiff may have been able to refile the case or alternatively, request relief under the savings clause of F.R.C.P. 60(d)(1).  However, due to the Supreme Court's holding in *Badgerow*, Plaintiff does not now have this recourse because a new action in federal

court will deprive this Court of jurisdiction. *See Badgerow*, 142 S. Ct. 1310; *see also Sindar v. Garden*, 284 Fed. Appx. 591, 596 (10th Cir. 2008) (discussing the application of the saving clause). Plaintiff also cannot refile in state court due to the statute of limitations. *See* 9 U.S.C. § 12; *see also Chilcott Entertainment L.L.C. v. John G. Kinnard Co., Inc.*, 10 P.3d 723, 725-27 (Colo. App. 2000) (strictly interpreting the deadline to file under the FAA). Accordingly, unless the Court allows Plaintiff to reopen the case, Plaintiff will, effectively, be deprived of a remedy in connection with his petition to vacate the arbitration award. The Court finds that this constitutes an extraordinary circumstance, and that allowing relief *under* Rule 60(b) is "necessary to accomplish justice." *Johnson*, 950 F.3d at 1300-01. Events not contemplated by Plaintiff after entry of judgment, in this case the Supreme Court's decision in *Badgerow*, "render enforcement of the judgment inequitable." *Id*; *see Yesh Music v. Lakewood Church*, No. 4:11–CV–03095, 2012 WL 2500099, *4-5 (S.D. Tex. June 27, 2012) (in case where plaintiff voluntarily dismissed the case without prejudice under Rule 41(a)(1)(A)(1), the court found that "the circumstances of this case warrant utilization of this Court's reservoir of equitable power under Rule 60(b)(6) because Plaintiffs mistakenly operated with the understanding that this case would proceed in a different court; "[a]s the parties had come to this agreement, it is appropriate to vacate the voluntary dismissal pursuant to Rule 60(b)(6)as failing to do so would cause a manifest injustice"), *aff'd*, 727 F.3d 356 (5th Cir. 2013)

Further, it appears that Plaintiff did not make a conscious, deliberate choice to dismiss the case in a manner that precluded reopening, but closed it only so the parties could proceed to arbitration. *See Cashner*, 98 F.3d at 580 (holding that "the broad power granted by [Rule 60(b)(6)] is not for the purpose of relieving a party from free, calculated

and deliberate choices he has made); *Resp. Order to Show Cause, Ex. 1, Conferral*. Court review was a material term of the arbitration agreement, and it is undisputed that Plaintiff contemplated the Court would retain jurisdiction over the arbitration award. *See Resp. Order to Show Cause* [#19] at 3, 8; Ex. 2; *Kontnik Decl*, ¶¶ 2-4. The Court also finds that Defendant would not be unfairly prejudiced if the Court granted relief under Rule 60(b). Reopening the case would be consistent with the arbitration agreement that provides for court review, and Defendant would be left in the same position as contemplated by the parties when the case was dismissed.

Based on the foregoing, Plaintiff's request to reopen the case, which the Court construes as a motion to reopen under Rule 60(b), is **granted**.

### IV. Conclusion

In conclusion,

IT IS HEREBY **ORDERED** that the Order to Show Cause is **DISCHARGED**, as the Court has subject matter jurisdiction to consider Plaintiff's request to reopen the case in Plaintiff's Motion [#11].

IT IS FURTHER **ORDERED** that the portion of Plaintiff's Motion [#11] which seeks to reopen the case is **GRANTED** pursuant to Rule 60(b)(1) and Rule 60(b)(6). The Clerk of Court shall **REOPEN** the case.

IT IS FURTHER **ORDERED** that the portion of Plaintiff's Motion [#11] which seeks to vacate the arbitration award is **TAKEN UNDER ADVISEMENT**, to be addressed in a subsequent order.

Dated: July 19, 2022

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge