IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00423-KLM

GARY WAETZIG,

    Plaintiff,

v.

HALLIBURTON ENERGY SERVICES, INC.,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion to Reopen and Vacate Arbitration Award Granting Defendant's Motion for Summary Judgment** [#11] (the "Motion"). The portion of the Motion [#11] that sought to reopen the case was granted by Order [#25] on July 19, 2022. The Court now addresses the portion of the Motion [#11] that seeks to vacate the arbitration award. The Court has reviewed the Motion [#11], the Response [#16], the Reply [#17], the case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#11] is **granted** as to the request to vacate the arbitration award, and the case is remanded for further proceedings in arbitration. The case is **administratively closed** pursuant to D.C.COLO.LCivR 41.2.

## I. Background

Plaintiff Gary Waetzig commenced this action in February 2020.  Plaintiff alleged that his termination by Defendant Halliburton Energy Services, Inc. in September 2017 violated the Age Discrimination in Employment Act.  *See Compl.* [#1].

In April 2020, the case was voluntarily dismissed by Plaintiff so that the parties could pursue arbitration.  On May 28, 2021, the parties were advised that JAMS Arbitrator Florine L. Clark ("Arbitrator Clark") wanted to hold a telephone conference.  *See Pl.'s Ex. 12* [#11-2] at 1.  The telephone conference was held on Wednesday, June 2, 2021. Plaintiff asserts that "[n]o notice was provided to [ ] counsel regarding the subject matter for the June 2, 2021 telephone conference."  *See Kontnik Decl.* [#11-13].  During the telephone conference, Arbitrator Clark told the parties that she wished to conduct a hearing regarding Defendant's Motion for Summary Judgment [#11-8] and asked the parties to present oral arguments.  *Motion* [#11] at 5.  The telephone conference lasted 37 minutes, and was not recorded.  *Motion* [#11] at 5; *Kontnik Decl.* [#11-13].  At the conclusion of the telephone conference, Arbitrator Clark granted Defendant's Motion for Summary Judgment [#11-8].  *See Order* [#11-1].  As Plaintiff notes, Arbitrator Clark provided no explanation for her ruling.  *Motion* [#11] at 7; *see also Order* [#11-1].[1]

---

[1] The full text of Arbitrator Clark's Order Granting Respondent's Motion for Summary Judgment states:

> The undersigned arbitrator has reviewed the pleadings and exhibits in this matter. A hearing was held on June 2, 2021 for the purpose of hearing oral arguments. After reviewing and hearing such arguments, Respondent's Motion for Summary Judgment is GRANTED.

*Order* [#11-1].

Plaintiff seeks to vacate Arbitrator Clark's Order, which Plaintiff contends is an arbitration award, pursuant to 9 U.S.C. § 10 of the Federal Arbitration Act ("FAA"). Plaintiff argues as the basis of its Motion [#11] that Arbitrator Clark exceeded her powers under the arbitration agreement ("Agreement"), prejudiced Plaintiff, and acted in manifest disregard of the law. *Motion* [#11] at 6. Plaintiff additionally argues that "the Arbitrator ignored two other important provisions in the Agreement that render the Award void." *Id.* First, the Agreement required Arbitrator Clark to provide ten calendar days' notice in advance of any hearing. *Id.*; *see also Agreement* [#11-6] at 17. The telephone conference, however, was scheduled only three calendar days in advance, not including the federal holiday, and notice was not given that a hearing would be held on Defendant's Motion for Summary Judgment [#11-6]. *Id.; Kontnik Decl.* [#11-13] ¶ 2. Second, the Agreement requires "a record of any hearing on the merits of a dispute." *Motion* [#11] at 8; *Agreement* [#11-6] at 14. Arbitrator Clark failed to have the telephone conference recorded, violating the Agreement. *Id.* Plaintiff argues that the arbitrator's failure to provide proper notice or record the hearing renders the award void. *Motion* [#11] at 7. Plaintiff additionally asserts that Arbitrator Clark's failure to adhere to the parties' Agreement implicates the *functus officio* doctrine,[2] barring her from proceeding further in the case if the arbitration award is vacated. *Id.* at 8.

Defendant argues that Plaintiff's Motion [#11] should be denied on several bases. *Response* [#16] at 1. First, Defendant asserts that Plaintiff failed to timely file and properly

---

[2] The doctrine of *functus officio* is a "Latin term for 'task performed'[,]" and is shorthand for the common-law rule that, once an arbitrator has issued a final award and thus discharged his or her office, that arbitrator lacks any continuing power to revise the award or issue a new one." *Kennecott Utah Copper Corp. v. Becker*, 186 F.3d 1261, 1270 n.4 (10th Cir. 1999) (citation omitted).

serve notice. Second, Defendant asserts that the Agreement provides that arbitration is the exclusive means of resolving the instant dispute. *Id.* at 6-8. Third, Defendant contends that even if this dispute is properly before the Court, Plaintiff conflates the terms "order" and "award," and argues that the Agreement did not require Arbitrator Clark to provide any explanation of the "essential findings of fact and conclusions" in her decision. *Id.* at 11. Fourth, Defendant argues that Plaintiff conflates the term "conference" with the terms "hearing" and "proceedings," and avers that Arbitrator Clark was not required to issue a written statement, provide ten days' notice, or record the telephone conference. *Id.* at 9. Finally, Defendant argues that the grounds Plaintiff relies on for vacating Arbitrator Clark's Order are not encompassed by Section 10(a) of the FAA. *Id.* at 12.

## II. Standard of Review

The Court's review of an arbitrator's decision "is strictly limited; this highly deferential standard has been described 'as among the narrowest known to the law.'" *Bowen v. Amoco Pipeline Co.*, 254 F.3d 925, 932 (10th Cir. 2001) (quoting *ARW Exploration Co. v. Aguirre*, 45 F.3d 1455, 1462 (10th Cir. 1995)). Courts employ "this limited standard of review and exercise caution in setting aside arbitration awards because one 'purpose behind arbitration agreements is to avoid the expense and delay of court proceedings.'" *Bowen*, 254 F.3d at 932 (quotation omitted). Thus, "[m]indful of the strong federal policy favoring arbitration, a court may grant a motion to vacate an arbitration award only in the limited circumstances provided in § 10 of the FAA . . . or in accordance with a few judicially created exceptions." *Id.*

Section 10 of the FAA identifies four grounds on which an arbitration award may be vacated by a district court:

>(1) where the award was procured by corruption, fraud, or undue means;
>
>(2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
>(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or any other misbehavior by which the rights of any party have been prejudiced; or
>
>(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

Acting in manifest disregard of the law is one of the "judicially crafted exception[s] to the general rule that arbitrators' 'erroneous interpretations or applications of law are not reversible.'" *Bowen*, 254 F.3d at 932 (citation omitted). "[M]anifest disregard of the law" is exhibited when an arbitrator demonstrates "willful inattentiveness to the governing law." *DMA Int'l, Inc. v. Qwest Commc'ns Int'l, Inc.*, 585 F.3d 1341, 1344 (10th Cir. 2009) (citation omitted). "An arbitrator's failure to abide by procedural rules when arriving at the arbitral award may [also] support a manifest disregard of the law challenge." *Hosier v. Citigroup Glob. Mkts., Inc.*, 835 F. Supp. 2d 1098, 1105 (D. Colo. 2011).

### III.  Analysis

#### A.  Whether the Motion is Properly Before the Court

##### 1.  Whether the Court Should Resolve the Dispute at Issue

The Court first addresses Defendant's argument that Plaintiff's Motion [#11] is not properly before the Court because the dispute at issue is subject to arbitration under the Agreement. *Response* [#16] at 8. Defendant based this argument on the fact that the Agreement states that any dispute between the parties "shall be finally and conclusively resolved through arbitration under this Plan and the Rules, instead of through trial before

a court." *Id.*; *see Agreement* [#11-6] at 5.  Plaintiff argues that the Agreement clearly confers jurisdiction on the federal courts under the Federal Arbitration Act ("FAA").  *See Reply*. [#17] at 4.

The Court agrees with Plaintiff, finding that Plaintiff's Motion [#11] is properly before the Court.  As Plaintiff notes, he is not requesting that this Court assume jurisdiction to rule on the merits of Defendant's Motion for Summary Judgment [#11-8] or the underlying dispute, or to conduct further proceedings or a trial.  *Reply* [#17] at 4. Instead, Plaintiff is seeking to enforce the terms of the Agreement [#11-6] which confers jurisdiction on the federal courts under the FAA in connection with "any actions to compel, enforce, vacate or confirm proceedings, awards, orders of an arbitrator, or settlements under the Plan or the Rules."  *Id.* at 7.  Thus, while the Agreement [#11-6] makes clear that all disputes must be resolved through arbitration instead of through trial, the Court has jurisdiction to "compel, enforce, vacate or confirm" Arbitrator Clark's decision.[3]  *Id.* at 7.  Enforcing the Agreement directly aligns with the FAA's purpose.  *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625-26 (1985) ("[T]he preeminent concern of Congress in passing the [FAA] was to enforce private agreements into which parties had entered, a concern which requires that we rigorously enforce agreements to arbitrate.") (citation and internal quotation marks omitted).

---

[3] Defendant argues that arbitration is the "exclusive means" for resolving disputes involving the Agreement, distinguishing "disputes" from other unspecified forms of disagreement.  *Response* [#16] at 7-8.  The Court finds that the Agreement [#11-6] confers jurisdiction on the federal courts under the FAA to enforce the terms of the Agreement without regard to how the disagreement may be characterized.

### 2. Whether Plaintiff Failed to Properly Serve Notice of the Motion

Defendant also contends that Plaintiff failed to properly serve notice of the Motion [#11] when Plaintiff sent notice via email on September 14, 2021. *Response* [#16] at 6. Defendant notes as to that issue that the FAA requires service be made in the same manner as prescribed by law for service of notice of a motion in the same court. *See* 9 U.S.C. § 12. Fed. R. Civ. P. 5 requires that service may only be effected via electronic means if the person consenting in writing, and an email to counsel is insufficient without express consent. Defendant notes that "it had not consented to electronic service for this Court proceeding . . . ." *Id.* at 7. This argument is also rejected.

It is true that Rule 5 requires written consent for effecting service of process via electronic means. Fed. R. Civ. P. 5(b)(2)(F); *see also IKON Glob. Mkts. Inc. v. Appert*, No. C11-53RAJ, 2011 WL 9687842, at *2 (W.D. Wash. July 28, 2011) ("No federal rule . . . permits a party to accomplish service by sending an email to a party who has not consented to service by email."). However, Plaintiff's notice was adequate under the terms of the Agreement [#11-6], which expressly states that "the Parties and the arbitrator may . . . use facsimile transmission, e-mail or other written forms of electronic communication to give any notices required by [the] Rules." *Id.* at 16. Parties are "free to structure their arbitration agreements as they see fit." *Volt Info. Scis., Inc. v. Bd. of Trs.*, 489 U.S. 468, 479 (1989). By consenting to the Agreement, Defendant consented in writing to receive notice via e-mail. *Id.* Thus, the Court finds that Plaintiff's email serving Defendant with notice was not deficient.

### B. Whether Arbitrator Clark's Order Constitutes an Award and If So, Whether the Award Should be Vacated

The Court next addresses Defendant's argument that the Order of Arbitrator Clark is not an "award" and that the contractual requirements relied on by Plaintiff are not applicable. Related to that argument, Defendant asserts that Plaintiff did not timely file the Motion [#11], and thus waived the right to seek to vacate the arbitration order. The Court then turns to Plaintiff's argument on the merits—that Arbitrator Clark exceeded her powers, prejudiced Plaintiff by not following the contractual requirements, and acted in manifest disregard of the law.

#### 1. Whether Arbitrator Clark's Order is an Award and the Related Timeliness of the Motion [#11]

Defendant contends that Arbitrator Clark's decision is an "order" rather than an "award," because the Agreement distinguishes the two terms. *Response* [#16] at 11. As a result, Defendant asserts that the Motion [#11] and notice of the Motion [#11] was untimely under 9 U.S.C. § 12. *Id.* at 6. Plaintiff argues, on the other hand, that Arbitrator Clark's order was an "award" for purposes of the Agreement and the FAA, and that the Motion [#11] was timely under JAMS Rule 24(k) which expands the date that an award is final and thus expands the period to provide notice of a motion . *Reply* [#17] at 2-3. Plaintiff contends, among other things, that "it would be unreasonable, and contrary to established Tenth Circuit precedent, to allow the Arbitrator to circumvent her contractual obligation to issue an explained award because she simply labeled the award an 'order.'" *Id.*

The Court finds that Arbitrator Clark's Order granting Defendant's Motion for Summary Judgment [#11-6] is an "award" within the meaning of the Agreement [#11-6]. The Court first notes that this is supported by the Scheduling Orders issued in the arbitration proceeding which contemplated only the issuance of an interim and final award. *See, e.g., Scheduling Order* [#11-3] at 5.  Arbitrator Clark did not issue a separate interim award, nor did she subsequently issue a final award.  For all intents and purposes, the record indicates that Arbitrator Clark's Order was intended to serve as the final resolution of the age discrimination claim, and Defendant does not contend otherwise. Accordingly, it must be deemed an award within the meaning of the Scheduling Orders. The Court further finds that it would be unreasonable to preclude Plaintiff from being able to seek review of the award as contractually permitted simply because it is called an order rather than an award.  Defendant's argument would permit the Arbitrator to circumvent her contractual obligations to, among other things, issue an award that "provides a brief statement of the findings of fact and conclusions of law in which the award is based." *Agreement* [#11-6] at 5.  The Supreme Court has made clear that the parties "may specify by contract the rules under which the arbitration will be conducted[,]" and courts should "'rigorously enforce' such agreements according to their terms . . . [to] give effect to the contractual rights and expectations of the parties."  *Volt*, 489 U.S. at 479.

This finding means that Defendant's argument that the Motion [#11] is untimely must be rejected.   Defendant argues in that regard that Plaintiff did not file the Motion [#11] within three months of the Order of June 2, 2021, or by September 2, 2021, as required by 9 U.S.C. § 12, and that he thus waived the right to challenge the Award. *Response* [#16] at 6.  Plaintiff asserts, and the Court agrees, that the Motion [#11] filed

- 9 -

on September 13, 2021 was timely in accordance with JAMS Rule 24(k). *Reply* [#17] at 3. The Arbitrator's Scheduling Order [#11-3] specifically states that the parties are subject to an agreement to arbitrate, and that the JAMS Rules apply to the proceeding. *Id.* ¶¶ 4, 5. The Agreement [#11-6] to arbitrate also states that the JAMS rules are applicable. Pl.'s Ex. 6 [#11-6] at 10. JAMS Rule 24(k) [#11-2] states "[t]he Award is considered final, for purposes of . . . a judicial proceeding to enforce, modify or vacate the Award pursuant to Rule 25, fourteen [ ] calendar days after service . . . ." *Id.* at 10. Applying JAMS Rule 24(k), the Award was not finalized until June 16, 2021, extending the three-month limitations period through September 16, 2021. The Motion [#11], filed on September 13, 2022, was thus timely.

### 2. Whether the Award Should Be Vacated

Plaintiff argues that Arbitrator Clark violated the Agreement and thus exceeded her powers when she failed to provide a "brief statement of the essential findings of fact and conclusions of law on which the award is based." *Id.* at 7; *Agreement* [#11-6] at 17. Plaintiff asserts additionally that Arbitrator Clark violated the JAMS Rules [#11-2] and JAMS Minimum Standards [#11-7], which also state that the Award shall contain "a concise written statement of the reasons for the Award, stating the essential findings and conclusions on which the Award is based." The Scheduling Order specifically stated that the award "shall be prepared in accordance with the Agreement, the FAA and the [JAMS] Rules . . . ." *Motion* [#11] at 3; *Scheduling Order* [#11-3] at 5.[4] Plaintiff also argues that Arbitrator Clark violated other provisions of the Agreement, including: (1) the provision

---

[4] JAMS requires that all arbitration agreements comply with its Minimum Standards, and JAMS will not accept an arbitration matter if the arbitration agreement in question does not comply with its minimum standards. *See Motion* [#11] at 4, Ex. 7 at 2, ¶ B.

that notice of any hearing must be given at least ten calendar days in advance; and (2) the provision that required a hearing to be recorded.  Plaintiff thus asserts that in addition to exceeding her powers, Arbitrator Clark prejudiced Plaintiff and acted with manifest disregard of the law.  *Motion* [#11] at  7-8.

Defendant responds that Arbitrator Clark did not violate the terms of the Agreement and therefore did not exceed her powers.  *Response* [#16] at 8.  Defendant bases this on the fact that the Agreement distinguishes between "conferences" and "hearings and/or proceedings[,]" and that each type of meeting adheres to different procedural requirements.  *Id.* at 9.  Defendant asserts that the telephone conference was a "conference" rather than a "hearing" or "proceeding," held to discuss summary determination on Defendant's written motion as permitted by the Agreement.  *Id.*; *see also Agreement* [#11-6].  Defendant also argues that an "award" follows the conclusion of a "proceeding" and not the conclusion of a "conference," *see id*. 17 ¶ 25, suggesting that conferences determine summary disposition while hearings and proceedings determine evidentiary matters.  *Response* [#16] at 10.  Finally, Defendant asserts that Arbitrator Clark was not required to provide ten-day notice of, or a recording of, the telephone conference because those requirements apply only to "hearings."  *Id.* at 9.

Turning to the Court's analysis, Defendant is correct that the Agreement [#11-6] distinguishes between "conferences" and "hearings."  *See, e.g.*, *id.* at 12-13.  Thus, the Agreement [#11-6] provides that an arbitrator may "notice and hold conferences for the discussion and determination of any matter which will expedite the process, including . . . [s]ummary (i.e., prehearing) determination, upon written motion of either Party and after opportunity for response by the nonmoving Party, of legal issues that dispose of the entire

- 11 -

Dispute or any aspect of the Dispute." *Id.* at 12-13.  The Agreement [#11-6] also provides that conferences and hearings may, in the discretion of the arbitrator, be conducted by telephone or by written submission.  *Id.* at 13.  The notice and recording provisions of the Agreement [#11-6] apply only to hearings.  *Id.* at 12, 14-15.

While the record was unnecessarily muddled as to this issue in the arbitration proceeding, the Court finds that a "hearing" rather than a "conference" was held.  Thus, while an email [#11-12] from the case manager informed the parties that the arbitrator wanted to hold a "phone conference[,]" Plaintiff asserts and Defendant does not contest that Arbitrator Clark informed the parties at the beginning of the proceeding, without any prior notice, that she was holding an oral *hearing* on Defendant's Motion for Summary Judgment [#11-8].  *See Motion* [#11] at 5; *Kontnik Decl.* [#11-13] at ¶¶ 2-3.  Arbitrator Clark reinforced this intent by stating in the Order [#11-1] that she held a "hearing on June 2, 2021."  Because Arbitrator Clark herself referred consistently to the proceeding as a hearing; the Court finds that the email from a case manager about a "conference" is not controlling.

Because the Court finds that Arbitrator Clark conducted a hearing prior to issuing the Award, the Court now turns to whether she exceeded her powers, prejudiced Plaintiff, or acted in manifest disregard of the law by violating the express terms of the Agreement [#11-6].  Again, the Supreme Court has held that "parties are generally free to structure their arbitration agreement as they see fit."  *Volt*, 489 U.S. at 479.  The *Volt* Court noted that "[j]ust as they may limit by contract the issues which they will arbitrate, . . . so too may they specify by contract the rules under which the arbitration will be conducted."  *Id.*  Thus, parties "wish[ing] to avoid the supposedly random chance that the arbitration panel

would not show its work" may explicitly "contract[ ] for a fully explained award." *Mid Atl. Cap. Corp. v. Bien*, 956 F.3d 1182, 1196 (10th Cir. 2020). The parties' intentions control, as "an arbitrator derives his or her powers from the parties' [decision] to forgo the legal process and submit their disputes to private dispute resolution." *Stolt-Nielson*, 559 U.S. at 682. Thus, the parties have a "right to arbitration according to the terms for which [they] contracted." *W. Emps. Ins. Co. v. Jefferies & Co.*, 958 F.2d 258, 261 (9th Cir. 1992). An arbitrator's award "'cannot be upheld if it is contrary to the express language of the contract.'" *Barnard v. Com. Carriers, Inc.*, 863 F.2d 694, 697 (10th Cir. 1988) (quotation omitted).

Here, Defendant does not dispute that if a hearing was held, the Agreement [#11-6] required Arbitrator Clark to provide a "brief statement of the essential findings and conclusions." *Id.* at 17. This was also required by the JAMS Rules [#11-2] and Minimum Standards [#11-7], as discussed previously. The word "essential" is not defined in the Agreement [#11-6]; thus, the Court must accord the term its "'ordinary meaning.'" *Kan. Penn Gaming, LLC v. HV Props.*, 662 F.3d 1275, 1287 (10th Cir. 2011); *see also Fundamental Admin. Servs., LLC v. Patton*, 504 F. App'x 694, 700 (10th Cir. 2012) (stating that the Court can look to a dictionary to "find the common or ordinary definition of a term"). The term "essential" has been defined as "of the utmost importance: BASIC, INDISPENSABLE, NECESSARY." https://www.merriam-webster.com/dictionary/essential; *see also* https://www.dictionary.com/browse/essential (defining "essential" as "absolutely necessary; indispensable").

The Court finds that Arbitrator Clark did not include any explanation of the Award; accordingly, she did not make the necessary, indispensable findings as required to

conclude that summary judgment should be granted. Arbitrator Clark did not discuss any findings or conclusions supporting her findings, or state why she granted Defendant's Motion. *Award* [#11-1]. Arbitrator Clark also did not make any findings, identify the controlling law, or provide any analysis during the hearing. *Kontnik Decl.* [#11-13] ¶ 4. While the Court recognizes that the Agreement [#11-6] and the arbitration rules only require a "brief" or "concise" statement explaining the reasons for the Award, and not a detailed explanation, *see, e.g., Hale v. Morgan Stanley*, No. 3:19-cv-229, 2021 WL 5299790, at *7 (S.D. Ohio Nov. 15, 2021), here Arbitrator Clark provided no statement explaining the basis for the Award. *Award* [#11-1]. Accordingly, Arbitrator Clark violated the Agreement [#11-6], as well as the JAMS Rules and JAMS Minimum Standards. Her failure to comply with the Agreement [#11-6] means that the award must be vacated because it exceeded the arbitrator's powers. *See, e.g., W. Emps. Ins. Co.* 958 F.2d at 262 ("By failing to provide Western with findings of fact and conclusions of law, the NASD panel clearly failed to arbitrate the dispute according to the terms of the arbitration agreement[,]" and exceeded its authority under 9 U.S.C. § 10(a)). In so doing, Arbitrator Clark acted outside the scope of her contractually delegated authority, thereby exceeding her powers and prejudicing Plaintiff under Section 10 of the FAA. *Cf. Cox v. Dex Media, Inc.*, 2021 WL 1165523, at *10 (D. Colo. Mar. 26, 2021) (finding that the arbitrator stated the essential findings and conclusions where the arbitrator "explained her findings regarding the plaintiff's presentation of a prima facie case, the alleged legitimate, nondiscriminatory reason that the defendant presented for its decision, why the arbitrator concluded that this reason was a pretext for discrimination, and her conclusion from this

that the defendant violated the ADEA, and discussed evidence that supported these findings), *aff'd*, .No. 21-1156, 2022 WL 3079102 (10th Cir. Aug. 3, 2022).

This error was compounded by the fact that notice of the hearing was not given as required by the Agreement [#11-6]. Instead, notice of a conference was provided only three calendar days before the hearing. More importantly, Plaintiff was not given NO notice that Arbitrator Clark actually intended to have a hearing to determine the merits of the Motion for Summary Judgment [#11-8] until the commencement of the hearing, and thus arguably had no time to prepare. The Court finds that this violation of the Agreement [#11-6] prejudiced Plaintiff within the meaning of 9 U.S.C. § 10(a)(3), and when combined with the failure to have the hearing recorded, exceeded Arbitrator Clark's powers within the meaning of 9 U.S.C. § 10(a)(4).

Accordingly, Plaintiff's Motion [#11] seeking to vacate the Award is **granted**. The case must be remanded for arbitration consistent with the Agreement [#11-6]. The arbitrator must hold a new hearing where adequate notice is given, ensure that the hearing is recorded, and issue an award that provides a brief statement of the essential findings and conclusions as required by the Agreement [#11-6]. The next question is whether the case should be remanded to Arbitrator Clark or to a new arbitrator. Thus, the Court turns to that issue, which is impacted by the *functus officio* doctrine.

**C.    Whether Arbitrator Clark's Powers are Exhausted Functus Officio**

Plaintiff contends that Arbitrator Clark's failure to adhere to the Agreement implicates the *functus officio* doctrine. *Motion* [#11] at 8. The doctrine applies "'when arbitrators have executed their award and declared their decision[;]'" at that point "they are '**functus officio**' [and] have no power or authority to proceed further." *United*

*Steelworkers of Am., AFL-CIO-CLC v. Ideal Cement Co.*, 762 F.2d 837, 842 (10th Cir. 1985) (quotation omitted). Plaintiff further asserts that while there are certain recognized exceptions to the *functus officio* doctrine,[5] no exception applies in this case. According to Plaintiff, the doctrine of *functus officio* will be implicated if the Award is vacated, because Arbitrator Clark will be required to reset the motion for a hearing on Defendant's Motion for Summary Judgment [#11-8], since notice was not properly given in the first instance, reexamine the Award in light of the hearing, and make new findings of fact and conclusions of law, subjecting her subsequent award to additional judicial scrutiny. *Motion* [#11] at 9-12.

The Court finds that the *functus officio* doctrine applies here, as Arbitrator Clark executed an award and declared the decision. Defendant did not contest or even address this issue. While the Court may have been authorized to remand to Arbitrator Clark to correct a mistake if the only error was failure to provide "a brief statement of the essential findings and conclusions[,]" *see Green v. Ameritech Corp.*, 200 F.3d 967, 977 (6th Cir. 2000), the Court finds that this is not possible given the procedural errors in not giving adequate notice of the hearing and not recording the hearing. Accordingly, the Court agrees that the *functus officio* doctrine applies, and a new arbitrator must be selected.

### IV. Conclusion

Based upon the foregoing,

IT IS HEREBY **ORDERED** that Plaintiff's Motion [#11] is **GRANTED**. Accordingly, the Award in this case is **VACATED**.

---

[5] The three exceptions are "to correct mistakes, complete awards which were not final, and clarify ambiguities." *Id.* at 1271 (citation and internal quotation marks omitted).

IT IS FURTHER **ORDERED** that this case is **REMANDED** to arbitration to be held in accordance with this Order.

IT IS FURTHER **ORDERED** that a new arbitrator must be selected, as Arbitrator Clark is barred from further action on this matter under the doctrine of *functus officio*.

IT IS FURTHER **ORDERED** that this case is **ADMINISTRATIVELY CLOSED** during the pendency of the arbitration, subject to being reopened for good cause pursuant to D.C.COLO.LCivR 41.2. Good cause shall include a request to reopen the case in connection with a motion to vacate, modify, or correct an arbitration award. 9 U.S.C. § 12.

Dated: August 3, 2022

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge